IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD D. BURK,**

                **Petitioner,**

     v.                                        **CASE NO. 09-3072-RDR**

**SHELDON RICHARDSON,**

                **Respondent.**

**O R D E R**

This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a prisoner currently confined in a detention facility in Leavenworth, Kansas. Petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this habeas action is granted.

Petitioner states he is challenging a 1984 bank robbery conviction that he claims is being used against him in his current criminal proceeding in federal court. *See* U.S. v. Burk, Case No. 08-20128-KHV (petitioner convicted April 1, 2009, on guilty plea to bank robbery charge). Petitioner broadly claims his 1984 conviction should be dismissed with prejudice because the district court lacked jurisdiction to convict him.[1]  Having reviewed petitioner's habeas

---

[1] Petitioner does not identify the 1984 case, or indicate whether he is still serving the sentence imposed in that case. Court records disclose that petitioner has a 1994 conviction in federal court. *See* U.S. v. Burk, Case No. 93-40034-RDR (petitioner convicted on guilty plea to charges of charges of bank robbery and being a felon in possession of a firearm).  It also appears petitioner was convicted on 1984 charges in the Kansas Courts on charges including aggravated robbery and theft. *See* Kansas v. Burk, Shawnee County Cases Nos. 84-CR-748, 84-CR-802, and 84-CR-889.

application, the court finds it is subject to being summarily dismissed.

It appears petitioner is attempting to invalidate a prior conviction to prevent it from being counted in the criminal history score in his current sentencing. However, nothing in the record suggests that petitioner may proceed under § 2241 to do so.

If the 1984 conviction at issue was not a federal conviction, habeas corpus relief regarding that conviction must be pursued under 28 U.S.C. § 2254 after first exhausting state court remedies. *See* Preiser v. Rodriquez, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement pursuant to a state court judgment must be presented through petition for writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state court remedies).

And even if the prior conviction identified by petitioner was in a federal court and is still subject to legal challenge, petitioner must proceed as provided and limited under 28 U.S.C. § 2255 in a petition filed in the sentencing court.[2] Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert.*

---

[2]Obvious statutory limitations appear to be at issue in this instance. To seek relief under 28 U.S.C. § 2255, petitioner would first have to show that he was still in custody under the sentence imposed in the challenged federal case. 28 U.S.C. § 2255(a). He would also have to satisfy the one year limitation period imposed for seeking relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty (AEDPA) on April 24, 1996; Serrano v. Williams, 383 F.3d 1181, 1183 (10th Cir. 2004)(one year grace period from April 24, 1996, to seek relief under 28 U.S.C. § 2254 on pre-AEDPA conviction).

*denied*, 377 U.S. 980 (1964).  To pursue relief under 28 U.S.C. § 2241, petitioner must first demonstrate the remedy available 28 U.S.C. § 2255 is "inadequate or ineffective" to challenge the validity of his judgment or sentence.  <u>Bradshaw</u>, 86 F.3d at 166.  *See also* <u>Williams v. United States</u>, 323 F.2d at 673 (for federal prisoners, § 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention").

Accordingly, absent a showing by petitioner that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the conviction being challenged, the instant petition is subject to being dismissed because this court lacks jurisdiction under 28 U.S.C. § 2241 to consider allegations of constitutional error in that conviction and sentence.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days from the date of this order to show cause why the instant petition filed under 28 U.S.C. § 2241 should not be dismissed for the reasons stated by the court.

DATED:  This 17th day of April 2009, at Topeka, Kansas.

      s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge