```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


RICHARD D. BURK,

                         Petitioner,

          v.                                  CASE NO. 09-3072-RDR

SHELDON RICHARDSON,

                         Respondent.
```

**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is currently confined in a detention facility in Leavenworth, Kansas. In this action he challenges a 1984 federal bank robbery conviction[1] he claims is being used against him in his current criminal proceeding in federal court,[2] and claims the 1984 conviction should be dismissed with prejudice because the district court lacked jurisdiction to convict him.

By an order dated April 17, 2009, the court directed petitioner to show cause why the petition should not be summarily dismissed without prejudice because this court lacked jurisdiction under 28 U.S.C. § 2241 to consider petitioner's challenge to the 1984 conviction. Having reviewed petitioner's response, the court dismisses the petition.

To the extent petitioner might still be in custody pursuant to

---

[1] *See* U.S. v. Burk, Case No. 84-40049-RDR.

[2] *See* U.S. v. Burk, Case No. 08-20128-KHV (petitioner convicted April 1, 2009, on guilty plea to bank robbery charge).

the conviction and sentence imposed in the 1984 case being challenged, 28 U.S.C. § 2255 remains petitioner's exclusive remedy for challenging the legality of that federal conviction.  Baker v. Sheriff of Santa Fe County, 477 F.2d 118, 119 (10th Cir. 1973); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963). *See also* 28 U.S.C. § 2255(a)("in custody" requirement for proceeding under § 2255).  By enacting § 2255, Congress created a remedy which "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." Williams, 323 F.2d at 673.  A habeas corpus petition pursuant to 28 U.S.C. § 2241 is not intended as an additional, alternative, or supplemental remedy to that afforded by 28 U.S.C. § 2255.  Id. Accordingly, a prisoner may proceed with a petition for a writ of habeas corpus under 28 U.S.C. § 2241 only if he satisfies the "savings clause" in 28 U.S.C. § 2255 by showing the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention.  Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under 28 U.S.C. § 2255 may now be foreclosed by restrictions imposed by amendment of that statute by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996 "does not establish that the remedy provided in § 2255 is inadequate or ineffective."  Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).

    In the present case, petitioner makes no showing that the remedy afforded under § 2255 is inadequate or ineffective for challenging the jurisdiction of the court to convict and sentence him in the 1984 criminal proceeding.  Nor is there any merit to petitioner's broad claim that because he is challenging the

jurisdiction of the court to proceed in the 1984 case, he is thereby not subject to the "savings clause" in § 2255 or to the restrictions imposed by AEDPA in seeking relief under § 2255.  *See e.g.* 28 U.S.C. § 2255 (providing relief where "the court was without jurisdiction to impose such sentence").

The court thus finds petitioner has not established that this court has jurisdiction to consider petitioner's claims under § 2241,³ and concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner's pending motion for consolidation (Doc. 5) is denied as moot.

DATED:  This 1st day of May 2009, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

³To the extent the "in custody" requirement of 28 U.S.C. § 2255(a) is not satisfied in this case, the court further finds relief in the extraordinary remedy of a writ of coram nobis is likewise foreclosed.

While the common law writ of error coram nobis remains available to a criminal defendant suffering "continuing consequences" from a conviction and sentence for which he is no longer in custody, United States v. Morgan, 346 U.S. 502, 502-13 (1954); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), such relief requires a showing that petitioner exercised due diligence in bringing his claims, that other remedies and forms of relief are unavailable or inadequate, and that such a writ is necessary to correct fundamental error. Morgan, 346 U.S. at 511-12. These requirements are clearly not satisfied on the face of the record where petitioner waited some fifteen years to raise his jurisdictional claim, and offers no sound reason for failing to pursue direct or collateral relief on such a claim in a timely manner in the district or appellate courts.